# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMONE RUFFIN, <br><br> Plaintiff, <br><br> v. <br><br> DUDEK AND ASSOCIATES, INC. et al., <br><br> Defendants. <br><br> ———————————————— <br><br> DUDEK AND ASSOCIATES, INC., <br><br> Cross Claimant, <br><br> v. <br><br> TEKSYSTEMS, INC., et al., <br><br> Cross Defendants. | Case No.: 3:22-cv-00191-RBM-BGS <br><br> **ORDER:** <br><br> **(1) GRANTING DUDEK AND ASSOCIATES, INC.'S MOTION TO COMPEL ARBITRATION [Doc. 34];** <br><br> **(2) DENYING TEKSYSTEMS, INC.'S MOTION TO COMPEL ARBITRATION AS MOOT [Doc. 22];** <br><br> **(3) DENYING TEKSYSTEMS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITHOUT PREJUDICE [Doc. 17]; and** <br><br> **(4) STAYING CASE PENDING ARBITRATION** <br><br> **[Doc. 34]** |

# BACKGROUND

Plaintiff filed suit against Dudek on February 10, 2022, alleging various employment-related claims, including but not limited to violation of Title VII of the Civil Rights Act of 1964, violations of the Equality Act of 2010, and violation of the Health and Safety at Work Act 1974. (*See* Doc. 1.) Plaintiff alleges she sustained damages in the amount of $100,000,000 stemming from Dudek's employees' alleged sexual harassment of Plaintiff, which created a hostile working environment. (*See id*.)

Dudek filed its answer and affirmative defenses to Plaintiff's Complaint on March 29, 2022. (Doc. 3.) The same day, Dudek filed a cross-claim against TekSystems, Inc. and TekSystems Global Services, LLC ("TekSystems"). (Doc. 4.) In its cross-claim, Dudek asserts Plaintiff was a temporary employee placed by TekSystems with Dudek for a position in 2019, and that TekSystems is required to indemnify Dudek for Plaintiff's claims against Dudek. (*Id*. at 2.)

Since then, the parties have filed various motions, certain of which remain pending before the Court. On June 7, 2022, TekSystems filed a motion to dismiss Dudek's counterclaims. (Doc. 17.) Dudek filed an opposition to the motion to dismiss on July 11, 2022, and TekSystems filed a reply on July 18, 2022. (Docs. 20, 21.)

TekSystems subsequently filed a motion to compel arbitration of Dudek's counterclaims on August 1, 2022. (Doc. 22.) TekSystems sought to compel arbitration pursuant to a May 17, 2018 Services Agreement between Dudek and TekSystems, which contains an arbitration provision in Section 29 requiring arbitration of "[a]ll disputes, controversies, or differences arising in connection with the validity, execution, performance, breach, non-renewal or termination of this Agreement[.]" (Doc. 22-1 at 2; *see also* Exhibit 1, Doc. 22-2 at 12.) Dudek initially filed an opposition to TekSystem's motion to compel. (Docs. 23, 35.) However, Dudek simultaneously withdrew its opposition to the motion to compel (Docs. 35), and filed a separate motion to compel (Doc. 34) on January 18, 2023. Dudek's motion seeks to compel Plaintiff to submit her claims to arbitration, on the basis that she entered a Mutual Arbitration Agreement with

TekSystems on June 18, 2019 ("TekSystems Arbitration Agreement"). (Doc. 34; *see also* Doc. 34-3 at 1-9.)

The TekSystems Arbitration Agreement provides

[e]xcept (i) as expressly set forth in this section . . . all disputes, claims, complaints, or controversies . . . that I may have against TEKsystems, Inc. and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/of its clients or customers (collectively and individually the 'Company'), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively 'Covered Claims'), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.

(Doc. 34-3 at ¶ 12 & pp. 6-9.) Its "Governing Law" section states the Agreement is governed by the Federal Arbitration Act. (*Id*. at pp. 6-7.)

The hearing date on Dudek's motion to compel is February 21, 2023. (Doc. 34.) The time for Plaintiff to file an opposition to the Dudek's motion to compel arbitration was February 7, 2023. *See* CivLR 7.1(e)(2). Pursuant to Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court."[1] Dudek's motion to compel may be granted based upon Civil Local Rule

---

[1] On January 17, 2023, Dudek filed an Ex Parte Motion to Stay Discovery, Early Neutral Evaluation, and Other Deadlines set forth in the Court's November 11, 2022 order setting an early neutral evaluation conference (Doc. 27). (Doc. 33.) In response, Plaintiff filed a motion to compel a case management conference where she raised some argument as to Dudek's meet and confer correspondence regarding their intention to file a motion to compel arbitration. (Doc. 38 at 13.) Plaintiff's motion to compel a case management conference stated she was presented "with a 1-sided three page Arbitration Agreement in

3

7.1(e)(2), however, the Court will substantively address Dudek's motion to compel.

## DISCUSSION

### A. Arbitration Agreement Encompasses Plaintiff's Claims

The FAA provides a written provision in "any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4." 9 U.S.C. § 2. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (internal citation omitted). Any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion to compel arbitration. 9 U.S.C. §§ 3, 4. The FAA mandates that "district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The Court must consider "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) *en banc* (citation omitted); *see also* 9 U.S.C. § 2.

No party has presented evidence that Plaintiff's claims are outside the scope of the TekSystems Arbitration Agreement or that the claims cannot proceed to arbitration. The TekSystems Arbitration Agreement is covered under the FAA. There is a signed agreement to arbitrate between TekSystems and Plaintiff, and the dispute arises out of

---

fine print[,]" however to date, Plaintiff has not filed an opposition to Dudek's motion to compel. (*Id.*) Magistrate Judge Bernard G. Skomal held a telephonic status conference on January 20, 2022 regarding Dudek's ex parte application, issued a written order staying the dates set forth in the Court's November 22, 2022 order, and denied Plaintiff's motion to compel a case management conference. (Docs. 36-38.)

Plaintiff's temporary employment with TekSystem's client, Dudek. The TekSystems Arbitration Agreement covers disputes that Plaintiff may have "against TEKsystems, Inc. and/or any of its . . . clients or customers (collectively and individually the 'Company') . . . arising out of and/or directly or indirectly related to . . . [Plaintiff's] employment with the Company[.]" (Doc. 34-3 at ¶ 12 & p. 6.) This provision includes claims for discrimination, harassment, retaliation, and "any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law[.]" (*Id.*)

Plaintiff has presented no argument that the TekSystem's Arbitration Agreement is not valid or enforceable under the FAA. Accordingly, the Court finds TekSystem's Arbitration Agreement is valid and enforceable.

B. <u>No Evidence of Procedural or Substantive Unconscionability</u>

The Court now turns to whether there are any grounds for revocation of the arbitration agreement, which is an issue governed by state law. 9 U.S.C. § 2; *Perry v. Thomas*, 482 U.S. 482, 493 n.9 (1987). Under California law, "the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1224-1225 (Cal. 2012). Other than a vague reference to the arbitration agreement being "one-sided"—which has not been set forth in an opposition brief to Dudek's motion to compel—Plaintiff has presented no argument that the TekSystems Arbitration Agreement is procedurally or substantively unconscionable. *Supra* pp. 3-4 n.1 (citing Doc. 38 at 13); *see also* CivLR 7.1(f)(3)(c). Assuming *arguendo* Plaintiff did allege she was subject to a contract of adhesion, this argument alone is not sufficient to render the agreement procedurally unconscionable because at this time there is "no indication of oppression or surprise." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260-61 (9th Cir. 2017) (if employee must sign a non-negotiable employment agreement as a condition of employment but "there is no other indication of oppression or surprise" then "the agreement will be enforceable unless the degree of substantive unconscionability is high."). Therefore, the TekSystems Arbitration Agreement is enforceable absent a finding of substantive unconscionability.

An agreement that is "overly harsh," "unduly oppressive," unreasonably favorable," "so one-sided as to shock the conscience," "unfairly one-sided" has been considered substantively unconscionable. *Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 748 (Cal. 2015). At this time, Plaintiff has presented no evidence of substantive unconscionability. *See* CivLR 7.1(f)(3)(c). Lacking any evidence of substantive unconscionability, the TekSystems Arbitration Agreement is enforceable.

### C. The *Armendariz* Requirements are Satisfied

Dudek asserts that TekSystems Arbitration Agreement satisfies the requirements established by *Armendariz v. Foundation Health Psychcare Services, Inc.* (Doc. 34-1 at 13-15); *see Armendariz*, 6 P.3d 669, 682-689 (Cal. 2000). Under California law, an arbitration agreement must: (1) provide for a neutral arbitrator; (2) provide for adequate discovery; (3) require a written arbitration award; (4) provide for the same remedies that would otherwise be available to the employee in court; and (5) provide that the Company shall bear the costs of arbitration.

Here, the TekSystems Arbitration Agreement provides that the parties will use Judicial Arbitration and Mediation Services ("JAMS") and the arbitration shall be conducted under JAMS rules. (Doc. 34-3 at ¶ 12 & p. 6.) The JAMS rules require use of a neutral arbitrator and require the parties to cooperate in the exchange of discovery. *See* JAMS Employment Arbitration Rules and Procedures, Rules 7, 17 (available at https://www.jamsadr.com/rules-employment-arbitration/English) (last visited Feb. 8, 2023). The Agreement provides that "[t]he Arbitrator shall issue a final and binding written award[.]" (Doc. 34-3 at ¶ 12 & p. 6.) There is no limitation on damages or statutory remedies. (*Id.* at p. 6-9) The Company bears the costs of the arbitrator's fee and arbitration expenses. (*Id.* at 7.) Absent any evidence from Plaintiff to the contrary, the *Armendariz* requirements are met.

### CONCLUSION

For the reasons set forth above, Dudek's motion to compel (Doc. 34) is **GRANTED**. In light of the Court's ruling as to Dudek's motion to compel, TekSystems' motion to

compel (Doc. 22) is **DENIED AS MOOT**, and TekSystems' motion to dismiss (Doc. 17) is **DENIED WITHOUT PREJUDICE**. Plaintiff's claims against Dudek shall proceed in arbitration. This case is **STAYED** pending conclusion of arbitration pursuant to the terms of the June 18, 2019 Arbitration Agreement between TekSystems and Plaintiff. Within 14 days of the completion of arbitration proceedings, the parties shall jointly submit a report advising the Court of the outcome of the arbitration and request to dismiss the case or vacate the stay.

**IT IS SO ORDERED.**

DATE:  February 8, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE