# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMONE RUFFIN,<br><br>                      Plaintiff,<br><br>v.<br><br>DUDEK AND ASSOCIATES, INC. et al.,<br><br>                      Defendants.<br><br>DUDEK AND ASSOCIATES, INC.,<br><br>                      Cross Claimant,<br><br>v.<br><br>TEKSYSTEMS, INC., et al.,<br><br>                      Cross Defendants. | Case No.: 3:22-cv-00191-RBM-BJC<br><br>**ORDER ON PLAINTIFF'S MOTIONS**<br><br>**[Docs. 52–55, 58]** |

      Plaintiff Simone Ruffin ("Plaintiff"), proceeding pro se, filed this case alleging various employment-related claims against Defendant Dudek and Associates, Inc. ("Defendant"). (Doc. 1.) Despite the Court's order compelling arbitration and staying this case pending the conclusion of arbitration (Doc. 40), as well as three subsequent Court orders reiterating that this case is stayed pending arbitration (Docs. 41, 44, 50), Plaintiff

1

has filed more motions in this stayed case. (Docs. 52–55, 58.) For the reasons set forth below, these motions are **DENIED**, and this case remains stayed pending the conclusion of the arbitration.

On February 8, 2023, the Court issued an Order granting a motion to compel arbitration and staying this case pending the conclusion of arbitration. (Doc. 40 at 7.[1]) Based on the filings summarized below (Docs. 52–56, 58–59), the arbitration has not concluded, and this case remains stayed pending the conclusion of the ongoing arbitration.

The Court previously addressed a number of Plaintiff's filings that followed the Court's February 8, 2024 Order compelling this case to arbitration. (*See* Docs. 44, 50.) The Court denied Plaintiff's motion to strike Defendant's motion to compel arbitration. (Doc. 44.) Plaintiff then filed a motion that primarily reiterated Plaintiff's claims from the Complaint, alleged problems with opposing counsel, and raised issues with the court and its decisions. (Doc. 45.) It also appeared to challenge the timeliness of the completion of the arbitration. (*Id.*) The Court's June 22, 2023 Order addressing that filing clarified that the arbitration did not have to be completed within 14 days of the Court's February 8, 2023 Order compelling arbitration. (Doc. 50 at 2.) The Order explained that the parties were required to file a joint report within 14 days of the completion of the arbitration and indicated that "[n]o other filings are permitted in this case absent leave of court." (*Id.*)

Plaintiff has now filed five additional motions. (Docs. 52–55, 58.) In the first motion, Plaintiff moves to remove this case from arbitration because she believes her claims are not subject to arbitration, that the assigned arbitrator should be recused, and that Defendant's counsel's conduct during a Preliminary Arbitration Management Conference warrants a return to this Court. (Doc. 52.) The second motion reiterates most of the same allegations as the first motion, but adds more challenges to the arbitrator, and asserts a right to a trial because Plaintiff rejected a settlement offer. (Doc. 53.) The third motion moves

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

to void sanctions issued against Plaintiff in the arbitration that appear to be related to Plaintiff not appearing for scheduled depositions, both her own and one she noticed. (Doc. 54.) The fourth motion is titled "Motion to Take Leave to File Memorandum." (Doc. 55.) It repeats the allegations of her prior filings and attaches numerous documents from the arbitration. (*Id.*) Plaintiff's fifth motion requests the case be remanded back to this Court because Defendant allegedly did not timely pay the arbitration fees. (Doc. 58.)

Defendant has filed two Oppositions. (Docs. 56, 58.) The first argues there is no basis for this Court to exercise interlocutory jurisdiction over the issues Plaintiff has raised because the case has been compelled to arbitration. (Doc. 56 at 9–10.[2]) The second addresses Plaintiff's argument regarding the payment of fees in the arbitration (Doc. 59 at 5–7) and requests the Court issue monetary sanctions against Plaintiff for her repeated improper filings (*id.* at 7–8).

Although Plaintiff cites a variety of statutes and rules in each of her filings, she does not cite any legal authority that would require or even allow this Court to consider her challenges to the arbitration proceedings, particularly while the arbitration is ongoing. Plaintiff seems to be attempting to relitigate each step of the arbitration process she finds adverse in these motions. However, permitting her challenges while the arbitration is ongoing would undermine this Court's order compelling arbitration pursuant to the Federal Arbitration Act ("FAA") and allow her to raise challenges not permitted under the FAA. Even after an arbitration concludes and an arbitration award is issued, a step the parties in this case have yet to reach, the FAA "afford[s] an extremely limited review authority" to federal courts. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003) (discussing 9 U.S.C. §§ 10–11). Plaintiff cannot avoid this limited

---

[2] Defendant also substantively addresses a number of Plaintiff's challenges, including disputing the misconduct Plaintiff alleges. (Doc. 56 at 9, 10–14.) Because there is no legal basis for Plaintiff to raise these issues in this Court at this time, the Court does not address Defendant's additional arguments.

1  review by raising challenges early in a case that has been stayed pending the conclusion of
2  the arbitration.  Accordingly, all of Plaintiff's motions (Docs. 52–58) are **DENIED**.
3      As noted above, Defendant's second Opposition includes a request for sanctions
4  against Plaintiff for her improper motions.  (Doc. 59 at 7–8.)  Defendant seeks these
5  sanctions as compensation for the expenses incurred in reviewing and opposing Plaintiff's
6  motions and "[t]o deter Plaintiff from engaging in similar conduct in the future." (*Id.* at 8.)
7  At this point, the Court declines to impose sanctions on Plaintiff; however, if Plaintiff
8  continues to file improper motions in this stayed case before the arbitration is completed,
9  Defendant may move for sanctions.
10     **IT IS SO ORDERED.**
11 Dated:  August 16, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE